IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-10-00178-CV

 

In the
Interest of C.N.M., a Child

 

 



From the 66th District Court

Hill County, Texas

Trial Court No. 33680

 



ORDER










 

            On July 29, 2010, a document you sent addressed to the Clerk and dated July 26, 2010, was received and filed.  In the document, you make various allegations and complaints and request certain
relief.  As such, the document is a motion, and as you have been previously and
repeatedly advised, a copy of all documents filed with the Court must be served
on the other parties to the suit.  We note that this document does not reflect
that it was served as required by the Rules of Appellate Procedure. 
Accordingly, we strike it from the pleading file until we receive proper
certification that it has been properly served.

            Please note that the Clerk of this
Court is not a party to this proceeding.  Accordingly, the Clerk of this Court
is not “served” a copy of what you tender for filing.  Further, we note an
inherent conflict in the docketing statement filed on July 12, 2010.  The address you give for the appellee’s attorneys is not the address to which you
certify the docketing statement was sent.  You are ordered to clarify this
ambiguity within 14 days of the date of this order.

            Additionally, please note that the
several letter orders we have sent over the signature of a deputy clerk are,
nevertheless, orders of the Court.  

            Finally, you ask the question, after
we had notified you that the documents you sent directly to us and sought to
rely upon in your appeal would not be considered by us, “How else does one
regulate an inadequately presented clerk’s record?”  We cannot advise you on
how to proceed with your appeal any more than we can assist your opponent.  But
we note that if you contend there are items omitted from the clerk’s record,
the Rules of Appellate Procedure provide a method by which you may request
supplementation.  See Tex. R.
App. P. 34.5(c).  

            We are more than willing to address
all your complaints about the trial court actions that you believe resulted in
an erroneous order.  But we caution you that we can only do this within the
confines of the applicable rules and statues.  In this regard, we may only
address errors in the order resulting from the hearing on April 23, 2010 as that is the only appealable order in this proceeding.  It is that hearing on April 23, 2010 and the results thereof that we can review if you properly present the
complaint.

            Further, we note that you attempted to
designate an attorney as co-counsel to yourself acting as your own counsel. 
There is no right to hybrid representation in Texas.  If he is acting as your
counsel in this proceeding, only he may file documents on your behalf.  He has
not, however, formally appeared herein, and until he does so, we will continue
to identify you as appearing pro se and are required to communicate directly
with you.  If, however, he does appear as counsel in this proceeding, all
future communications will be with him.

            And finally, we note that you have
requested the return of certain documents and an audio recording on a compact
disc that you tendered for filing.  We cannot return those items to you because
they were presented for filing by you and have become part of the Court’s file
in this proceeding.  Rather than returning the documents you filed, the Clerk
is hereby ordered to return 1) a copy of those documents you tendered for
filing and received by the Court on July 12, 2010, and July 14, 2010, and 2) a copy of the audio recording on a compact disc that you tendered
for filing and received by the Court on June 9, 2010.

 

                                                                        PER
CURIAM

 

Before
Chief Justice Gray,

            Justice
Reyna, and

            Justice
Davis

Order
issued and filed August 25, 2010

Do
not publish